IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ORLANDO BELL,

        **Plaintiff,**

        v.                                                CASE NO.  24-3085-JWL

LEAVENWORTH U.S.
PENITENTIARY, et al.,

        **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Orlando Bell is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I.  Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Although Plaintiff is currently incarcerated at USP Thomson in Thomson, Illinois, his claims are based on events occurring during his incarceration at USP-Leavenworth in Leavenworth, Kansas ("USPL"). Plaintiff filed this action in the Northern District of Illinois and it was transferred to this Court on May 30, 2024.

Plaintiff alleges that on November 18, 2022, McMillen accused Plaintiff of sexual advances towards her.  Plaintiff alleges that she never put it in writing, but Plaintiff ignored her sexual advances toward Plaintiff and wrote her up.  Plaintiff alleges that he informed Warden Hudson that McMillen fired Plaintiff from his job without a writeup on November 21, 2022. McMillen and Defendant Elam removed Plaintiff from the kosher meal list on November 21, 2022, without Chaplin Sutton's approval.

1

Plaintiff claims that Defendant Elam refused to serve Plaintiff a kosher tray for dinner on December 3, 2022. Plaintiff claims that both Elam and Defendant Hoad saw Plaintiff's name on the kosher diet list that day. On December 5, 2022, Plaintiff informed Defendant Hudson that McMillen and Elam retaliated against Plaintiff for writing McMillen up for sexual harassment. On December 6, 2022, kitchen staff ordered the Chaplin to remove Plaintiff from the kosher list.

Plaintiff names as defendants: Leavenworth U.S. Penitentiary; Warden D. Hudson; (fnu) Elam, Kitchen Staff; (fnu) Hoad, Lieutenant; (fnu) Sears, Head of Kitchen; and (fnu) Sutton, Chaplain. Plaintiff claims that staff at USPL violated his right to practice his religion. Plaintiff seeks monetary damages.

## II. Statutory Screening

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th

Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the

line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III.  DISCUSSION

#### 1.  42 U.S.C. § 1983

Plaintiff brings this action under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id*. at 49 (citations omitted). Plaintiff names staff at USPL as defendants, and provides no factual claim or support for a claim that any defendant acted under color of state law.

#### 2.  Claims Under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)

Plaintiff has not shown that a *Bivens* remedy is available for his First Amendment claims. *Bivens* claims cannot be asserted directly against the United States, federal agencies, or federal officials acting in their official capacities. *Smith v. U.S.*, 561 F.3d 1090, 1099 (10th Cir. 2009) (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) (federal agencies, officials in their official capacities), *F.D.I.C. v. Meyer*, 510 U.S. 471, 485–86 (1994) (federal agencies)); *see also*

4

*Heffington v. Bush*, 337 F. App'x 741, 743 (10th Cir. 2009) (unpublished) (holding that a constitutional claim for damages against a federal agency is barred by sovereign immunity). Therefore, any *Bivens* claim would be barred against the named defendants.

Furthermore, even if Plaintiff were to assert individual-capacity claims, the Supreme Court has "declined to extend *Bivens* to a claim sounding in the First Amendment" and has "not found an implied damages remedy under the Free Exercise Clause." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (citing in part *Bush v. Lucas*, 462 U.S. 367 (1983)); *see also Ealom v. United States,* No. 18-3045-SAC, 2018 WL 1899135, at *4 (D. Kan. Apr. 20, 2018) *(citing Mochama v. Zwetow,* No. 14-2121-KHV, 2017 WL 36363, at *11 (D. Kan. Jan. 3, 2017)); *Williams v. Klien,* 20 F. Supp. 3d 1171, 1175 (D. Colo. 2014); *Hall v. Shumard,* No. 15-cv-01949-RBJ-MJW, 2017 WL 694589, at *2 (D. Colo. Feb. 21, 2017). The Supreme Court "has made it clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Zigler v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (citation omitted).

### 3. Relief Requested

Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Furthermore, any request for injunctive relief would be moot. Plaintiff is no longer incarcerated at USPL. Because Plaintiff's claims relate solely to alleged wrongdoing on the part of USPL employees, the Court would be unable to provide Plaintiff with effective relief and any request for injunctive relief would be moot. Article III of the Constitution extends the

jurisdiction of federal courts only to "live, concrete" cases or controversies. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*. Consequently, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495 1974). The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement. *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot).

The mootness doctrine is based on the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide the relief to plaintiff. Because Plaintiff is no longer incarcerated at USPL, any claim for injunctive relief would be

moot and subject to dismissal.

Plaintiff filed a motion for leave to proceed in forma pauperis (Doc. 3) prior to the transfer of this case to this Court. The motion was terminated upon transfer. Based on the motion, the Court grants Plaintiff leave to proceed in forma pauperis.

## IV.  Response Required

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this action without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is **granted.** Plaintiff remains obligated to pay the remainder of the $350.00 filing fee. The agency having custody of Plaintiff shall forward payments from Plaintiff's account in installments calculated under 28 U.S.C. § 1915(b)(2). The Clerk is to transmit a copy of this order to Plaintiff, to the finance office at the institution where Plaintiff is currently confined, and to the Court's finance office.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **June 28, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that the Clerk is directed to place Plaintiff's ifp motion at Doc. 3 under seal.

**IT IS SO ORDERED**.

Dated May 31, 2024, in Kansas City, Kansas.

 **S/  John W. Lungstrum**
 **JOHN W. LUNGSTRUM**
 **UNITED STATES DISTRICT JUDGE**