## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ORLANDO BELL,

     **Plaintiff,**

     v.                        **CASE NO.  24-3085-JWL**

LEAVENWORTH U.S.
PENITENTIARY, et al.,

     **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Although Plaintiff is currently incarcerated at USP Thomson in Thomson, Illinois, his claims are based on events occurring during his incarceration at USP-Leavenworth in Leavenworth, Kansas ("USPL"). Plaintiff filed this action in the Northern District of Illinois and it was transferred to this Court on May 30, 2024.  On May 31, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC") granting Plaintiff until June 28, 2024, in which to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC.  This matter is before the Court on Plaintiff's response (Doc. 9).

Plaintiff claims that staff at USPL violated his right to practice his religion.  Plaintiff seeks monetary damages and brings this action under 42 U.S.C. § 1983.  The Court found in the MOSC that Plaintiff names staff at USPL as defendants, and provides no factual claim or support for a claim that any defendant acted under color of state law.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and

made possible only because the wrongdoer is clothed with the authority of state law.'" *Id*. at 49 (citations omitted).  Plaintiff does not dispute that relief under § 1983 is unavailable.

The Court also found that Plaintiff has not shown that a *Bivens* remedy is available for his claims.  In his response, Plaintiff states that a *Bivens* remedy should be available because Defendants are federal employees.  (Doc. 9, at 1.)  However, Plaintiff fails to address the case law cited by the Court in the MOSC.  *See* MOSC (Doc. 8, at 4–5).

Plaintiff argues in his response that if the Court does not find that a *Bivens* remedy is available, he "moves the court to construe his claim as a federal tort claim action, and or for injunctive relief."  (Doc. 9, at 1.)  Plaintiff has not asserted a claim under the Federal Torts Claim Act ("FTCA").  The FTCA, 28 U.S.C. §§ 1346(b)(1), 2671–2680, "allows the United States to be sued for claims arising out of negligent or wrongful acts or omissions of its employees, when such employees are acting within the scope of their duties."  *Ingram v. Faruque*, 728 F.3d 1239, 1245 (10th Cir. 2013) (citing § 1346(b)(1)).  "The United States is the only proper defendant in an FTCA action."  *Smith v. U.S.*, 561 F.3d 1090, 1099 (10th Cir. 2009) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)).  The FTCA "provides the exclusive avenue to assert a claim sounding in tort against the United States."  *Franklin Sav. Corp., In re*, 385 F.3d 1279, 1286 (10th Cir. 2004), *cert. denied*, 546 U.S. 814 (2005) (citing 28 U.S.C. § 2679(a), which provides that "the FTCA remedy is 'exclusive' for all 'claims which are cognizable under section 1346(b)'").

The FTCA has procedural and jurisdictional requirements.  *See Staggs v. U.S. ex rel. Dep't of Health and Human Servs.*, 425 F.3d 881, 885 (10th Cir. 2005) (stating that the "FTCA's presentation requirements are jurisdictional and cannot be waived") (citation omitted).  The Tenth Circuit has summarized the FTCA requirements as follows:

> Under the FTCA, filing an administrative claim with the appropriate federal agency is a prerequisite to bringing a civil action against the United States for damages for the negligence or wrongful act of any United States employee. 28 U.S.C. § 2675(a); *Three-M Enterprises, Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977) . . . A claim is deemed presented when a federal agency receives from a claimant "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in sum certain for . . . personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). "[B]ringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive." *Nero v. Cherokee Nation of Oklahoma*, 892 F.2d 1457, 1463 (10th Cir. 1989); *see also Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991).

*Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994). Section 2675(a) provides that "[a]n action shall not be instituted" upon an FTCA claim "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." *Id*. at n.1. The amount of damages claimed in a lawsuit under the FTCA is limited to "the amount of the claim presented to the federal agency." 28 U.S.C. § 2675(b); *see McNeil v. United States*, 508 U.S. 106, 108 n.2 (1993) (citing 28 U.S.C. § 2675(a)).

Therefore, exhaustion of administrative remedies is a prerequisite to suit under the FTCA, and courts lack jurisdiction over FTCA claims not presented to the appropriate federal agency. *See* 28 U.S.C. § 2675(a); *Greenlee v. U.S. Postal Serv.*, 247 F. App'x 953, 954–55 (10th Cir. 2007). "Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed." *Bradley v. United States by Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991) (citation omitted). "The requirements are jurisdictional and cannot be waived." *Id*. (citation omitted); *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) ("As a jurisdictional prerequisite, the FTCA bars claimants

from bringing suit in federal court until they have exhausted their administrative remedies.") (citing 28 U.S.C. § 2675(a); *McNeil*, 508 U.S. at 113; *Pipkin v. U.S. Postal Service*, 951 F.2d 272, 273 (10th Cir. 1991)).  Plaintiff has not alleged facts establishing that he exhausted the administrative tort claim remedy in a proper and timely manner prior to filing this action.  This Court cannot exercise jurisdiction over an administratively unexhausted claim.

The Court also held that any request for injunctive relief would be moot because Plaintiff is no longer incarcerated at USPL.  In his response, Plaintiff cites *FBI v. Fikre*, 601 U.S. 234 (2024), claiming that his claims are not moot because "[t]he Supreme Court recently rejected a claim of mootness by a federal agency under similar circumstances."  (Doc. 9, at 1.)

The *Fikre* case dealt with the plaintiff's placement on the federal government's No Fly List.  *Fikre*, 601 U.S. at 236.  The Supreme Court held that a defendant's " 'voluntary cessation of a challenged practice' " will moot a case only if the defendant can show that the practice cannot " 'reasonably be expected to recur.' "  *Id*. at 241 (citations omitted).  The Supreme Court held that to show that a case is truly moot, a defendant must prove " 'no reasonable expectation' " remains that it will "return to [its] old ways."  *Id*. (citations omitted).  The Supreme Court found that "the government's sparse declaration falls short of demonstrating that it cannot reasonably be expected to do again in the future what it is alleged to have done in the past."  *Id*.  at 242.  The Supreme Court held that "[w]hat matters is not whether a defendant repudiates its past actions, but what repudiation can prove about its future conduct . . . [i]t is on that consideration alone—the potential for a defendant's future conduct—that we rest our judgment."  *Id*. at 244.  The Supreme Court found that although "the government has not yet demonstrated that Mr. Fikre's case is moot does not mean it will never be able to do so."  *Id*.

The reasoning in *Fikre* in not applicable in this case.  The D.C. Circuit in *Jibril v.*

*Mayorkas*, distinguished *Fikre* as follows:

> Unlike *Fikre*, this case concerns whether Appellants have made the requisite showing of standing. The Supreme Court has made it clear that while a defendant carries the "formidable burden" of showing that a once-live case is now moot, *id.* (quotation omitted), the plaintiff bears the burden of establishing standing at the outset of the litigation, *Friends of the Earth*, 528 U.S. at 190, 120 S.Ct. 693. Thus, contrary to Appellants' arguments, the issue in this case is not whether the Government has satisfied its burden of demonstrating mootness under the voluntary cessation doctrine. Rather, the issue is whether Appellants have satisfied their initial burden of establishing the three elements of standing. As discussed above, Appellants have not. If, unlike the plaintiff in *Fikre*, no Appellant was on a terrorist watchlist when they filed suit, and none of them can show an imminent risk of being placed on a watchlist in the future, then they would not have a "concrete stake" in the litigation sufficient to satisfy the injury-in-fact requirement of standing. *Id.* at 191, 120 S.Ct. 693. The District Court therefore correctly dismissed Appellants' claims for lack of standing.

*Jibril v. Mayorkas*, 101 F.4th 857, 870 (D.C. Cir. 2024).

Plaintiff was housed at USP Thomson when he filed this action. Because Plaintiff's claims relate solely to alleged wrongdoing on the part of USPL employees, the Court would be unable to provide Plaintiff with effective relief and any request for injunctive relief would be moot. Article III of the Constitution extends the jurisdiction of federal courts only to "live, concrete" cases or controversies. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*. Consequently, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495 1974). The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement. *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot).

The mootness doctrine is based on the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide the relief to plaintiff. Because Plaintiff is no longer incarcerated at USPL, any claim for injunctive relief is moot.

Plaintiff has failed to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated July 10, 2024, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**