IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ORLANDO BELL,

    **Plaintiff,**

v.                                                           CASE NO. 24-3085-JWL

LEAVENWORTH U.S.
PENITENTIARY, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at USP Thomson in Thomson, Illinois, his claims are based on events occurring during his incarceration at USP-Leavenworth in Leavenworth, Kansas ("USPL"). Plaintiff filed this action in the Northern District of Illinois and it was transferred to this Court on May 30, 2024. On May 31, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC") granting Plaintiff until June 28, 2024, in which to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC. Plaintiff filed a response (Doc. 9), and on July 10, 2024, the Court entered a Memorandum and Order (Doc. 10) ("M&O") dismissing this case for failure to state a claim. This matter is before the Court on Plaintiff's "Motion to Re-Instate and for Leave to Amend" (Doc. 12).

Plaintiff claims that staff at USPL violated his right to practice his religion. Plaintiff seeks monetary damages and brings this action under 42 U.S.C. § 1983. The Court found in the MOSC that Plaintiff names staff at USPL as defendants, and provides no factual claim or support for a claim that any defendant acted under color of state law. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color

of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id*. at 49 (citations omitted). Plaintiff does not dispute that relief under § 1983 is unavailable.

The Court also found that Plaintiff has not shown that a *Bivens* remedy is available for his claims. In his response, Plaintiff argued that a *Bivens* remedy should be available because Defendants are federal employees. (Doc. 9, at 1.) However, the Court found in the M&O that Plaintiff failed to address the case law cited by the Court in the MOSC. *See* MOSC (Doc. 8, at 4–5).

Plaintiff also argued in his response that if the Court does not find that a *Bivens* remedy is available, he "moves the court to construe his claim as a federal tort claim action, and or for injunctive relief." (Doc. 9, at 1.) In dismissing this case, the Court found that Plaintiff has not asserted a claim under the Federal Torts Claim Act ("FTCA"). The FTCA, 28 U.S.C. §§ 1346(b)(1), 2671–2680, "allows the United States to be sued for claims arising out of negligent or wrongful acts or omissions of its employees, when such employees are acting within the scope of their duties." *Ingram v. Faruque*, 728 F.3d 1239, 1245 (10th Cir. 2013) (citing § 1346(b)(1)). "The United States is the only proper defendant in an FTCA action." *Smith v. U.S.*, 561 F.3d 1090, 1099 (10th Cir. 2009) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)). The FTCA "provides the exclusive avenue to assert a claim sounding in tort against the United States." *Franklin Sav. Corp., In re*, 385 F.3d 1279, 1286 (10th Cir. 2004), *cert. denied*, 546 U.S. 814 (2005) (citing 28 U.S.C. § 2679(a), which provides that "the FTCA remedy is 'exclusive' for all 'claims which are cognizable under section 1346(b)'").

The FTCA has procedural and jurisdictional requirements. *See Staggs v. U.S. ex rel.*

*Dep't of Health and Human Servs.*, 425 F.3d 881, 885 (10th Cir. 2005) (stating that the "FTCA's presentation requirements are jurisdictional and cannot be waived") (citation omitted). The Tenth Circuit has summarized the FTCA requirements as follows:

> Under the FTCA, filing an administrative claim with the appropriate federal agency is a prerequisite to bringing a civil action against the United States for damages for the negligence or wrongful act of any United States employee. 28 U.S.C. § 2675(a); *Three-M Enterprises, Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977) . . . A claim is deemed presented when a federal agency receives from a claimant "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in sum certain for . . . personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). "[B]ringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive." *Nero v. Cherokee Nation of Oklahoma*, 892 F.2d 1457, 1463 (10th Cir. 1989); *see also Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991).

*Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994). Section 2675(a) provides that "[a]n action shall not be instituted" upon an FTCA claim "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." *Id*. at n.1. The amount of damages claimed in a lawsuit under the FTCA is limited to "the amount of the claim presented to the federal agency." 28 U.S.C. § 2675(b); *see McNeil v. United States*, 508 U.S. 106, 108 n.2 (1993) (citing 28 U.S.C. § 2675(a)).

Therefore, exhaustion of administrative remedies is a prerequisite to suit under the FTCA, and courts lack jurisdiction over FTCA claims not presented to the appropriate federal agency. *See* 28 U.S.C. § 2675(a); *Greenlee v. U.S. Postal Serv.*, 247 F. App'x 953, 954–55 (10th Cir. 2007). "Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed." *Bradley v. United*

*States by Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991) (citation omitted). "The requirements are jurisdictional and cannot be waived." *Id*. (citation omitted); *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) ("As a jurisdictional prerequisite, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.") (citing 28 U.S.C. § 2675(a); *McNeil*, 508 U.S. at 113; *Pipkin v. U.S. Postal Service*, 951 F.2d 272, 273 (10th Cir. 1991)).

In dismissing this case, the Court found that Plaintiff has not alleged facts establishing that he exhausted the administrative tort claim remedy in a proper and timely manner prior to filing this action, and the Court cannot exercise jurisdiction over an administratively unexhausted claim. The Court also held that any request for injunctive relief would be moot because Plaintiff is no longer incarcerated at USPL. The Court dismissed this matter, finding that Plaintiff failed to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC.

In his Motion to Re-Instate and for Leave to Amend, Plaintiff argues that he has exhausted a claim under the FTCA, and seeks leave to amend his Complaint to seek relief under the FTCA. (Doc. 12, at 2; Exhibit A.) Plaintiff argues that his religious rights were repeatedly violated by staff at USPL and he was retaliated against for complaining about the violation. *Id*.

Plaintiff alleges in his Complaint that on November 18, 2022, Defendant McMillen (kitchen staff) accused Plaintiff of sexual advances towards her. Plaintiff alleges that she never put it in writing, but Plaintiff ignored her sexual advances toward Plaintiff and wrote her up. Plaintiff alleges that he informed Warden Hudson that McMillen fired Plaintiff from his job without a writeup on November 21, 2022. Plaintiff claims that McMillen and Defendant Elam

(kitchen staff) removed Plaintiff from the kosher meal list on November 21, 2022, without Chaplin Sutton's approval.

Plaintiff claims that Defendant Elam refused to serve Plaintiff a kosher tray for dinner on December 3, 2022. Plaintiff claims that both Elam and Defendant Hoad saw Plaintiff's name on the kosher diet list that day. On December 5, 2022, Plaintiff informed Defendant Hudson that McMillen and Elam retaliated against Plaintiff for writing McMillen up for sexual harassment. On December 6, 2022, kitchen staff ordered the Chaplin to remove Plaintiff from the kosher list.

Plaintiff names as defendants: Leavenworth U.S. Penitentiary; Warden D. Hudson; (fnu) McMillen, Kitchen Staff; (fnu) Elam, Kitchen Staff; (fnu) Hoad, Lieutenant; (fnu) Sears, Head of Kitchen; and (fnu) Sutton, Chaplain. Plaintiff claims that staff at USPL violated his right to practice his religion and seeks monetary damages.

The Court finds that it would be futile to allow Plaintiff to amend to assert a claim under the FTCA. An actionable FTCA claim must be:

> " '[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.' "

*Srader v. United States*, 2023 WL 5835029, at *5–6 (D. Kan. Sept. 8, 2023) (quoting *Brownback v. King*, 141 S. Ct. 740, 746 (2021) (citations omitted)). Plaintiff alleges retaliation and that his religious rights were violated, but he has not alleged a physical injury. *See* 28 U.S.C. § 1346(b)(2) ("No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody

without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18)."); 42 U.S.C. § 1997e(e) (providing that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *see also Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (applying § 1997e(e) to First Amendment claim and finding that "[t]he statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional.") (citation omitted); *see also White v. United States*, 2024 WL 3309752, at *12 (10th Cir. 2024) (unpublished) (assuming without deciding that § 1997e(e) requires a plaintiff to plead a more-than-*de-minimis* physical injury to recover for mental or emotional injury under the PLRA as well as the FTCA); *see also* 28 U.S.C. § 2674 ("The United States . . . shall not be liable . . . for punitive damages").

The Court finds that amendment would be futile and therefore denies Plaintiff's Motion to Re-Instate and for Leave to Amend. *See Godbey v. Wilson*, 2014 WL 794274, at *4 (E.D. Va. 2014) (finding amendment to add the United States as defendant for FTCA claim would be futile "because [plaintiff] alleges in substance only that his rights under the Constitution have been violated, and the 'FTCA does not provide a remedy for constitutional torts'" and "[p]laintiff's claim for damages for 'mental or emotional injury suffered while in custody without a prior showing of physical injury' is expressly forbidden under the FTCA . . . as is his prayer for punitive damages").

**IT IS THEREFORE ORDERED BY THE COURT** that the Clerk is directed to reopen this case for purposes of entering this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Re-Instate and for Leave to Amend (Doc. 12) is **denied.**

**IT IS FURTHER ORDERED** that the Clerk is directed to close this case.

**IT IS SO ORDERED**.

**Dated September 6, 2024, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
